

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/04/2019

| | | |
|---|---|---|
| In re: § | | |
| § | Case No. 18-31864 | |
| BELINDA MCCLENON, § | | |
| § | Chapter 13 | |
| Debtor. § | | |
| § | | |

| | | |
|---|---|---|
| BELINDA MCCLENON, § | | |
| § | | |
| Plaintiff, § | | |
| § | Adversary No. 18-03349 | |
| v. § | | |
| § | | |
| STATEBRIDGE COMPANY, LLC, § | | |
| COZY HOMES, and FRANCOIS § | | |
| DELILLE, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION
[This Order Relates to Adv. Doc. No. 1]

### I. INTRODUCTION

On November 21, 2018, Belinda McClenon, the debtor in the main Chapter 13 case (the "Debtor"), filed suit against Statebridge Company, LLC, Cozy Homes, and Francois Delille (collectively "Defendants") alleging causes of action for (1) wrongful foreclosure; (2) negligence; (3) breach of the Texas Deceptive Trade Practices Act; and (4) conversion. [Adv. Doc. No. 1]. Defendants filed an answer on January14, 2019. [Adv. Doc. No. 16]. The Court has reviewed the complaint and the answer and has determined that this adversary proceeding should be dismissed pursuant to 28 U.S.C. § 1334(c)(1).[1]

---

[1] A reference to any section (i.e., §) refers to a section in 28 U.S.C., unless otherwise noted.

## II. Jurisdiction

The Court has jurisdiction over this matter pursuant to § 1334. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Code], or arising in or related to cases under title 11."[2] The pending lawsuit, which is based solely on state law claims, neither arises under nor in the Bankruptcy Code, and therefore is not a core proceeding. The question therefore is whether this suit is "related to" the Debtor's main Chapter 13 case. When determining whether a civil proceeding is "related to" a bankruptcy case, the usual test is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (citations omitted). The Court finds that this adversary proceeding is "related to" the Debtor's main bankruptcy case because the Debtor claims that certain personal property contained in the property located at 2502 E. Pebble Beach, Missouri City, Texas 77459 (the "Property") was removed and/or sold by the company who purchased the Property. Because the Debtor seeks return of this personal property, the outcome of the lawsuit could conceivably have an effect on the estate being administered in bankruptcy; for example, it is possible some of this personal property might be non-exempt, and that this particular personal property could be sold to increase distribution to unsecured creditors.[3]

---

[2] District courts may, in turn, refer these proceedings to the bankruptcy judges for that district. 28 U.S.C. § 157(a). In the Southern District of Texas, General Order 2012-6 (entitled General Order of Reference) automatically refers all eligible cases and proceedings to the bankruptcy courts.

[3] Aside from requesting a declaratory judgment that various personal property be returned to her, the Debtor is also requesting a declaratory judgment that the foreclosure on her homestead be declared void. Because this real property would be exempt if the foreclosure were to be declared void, the Debtor's creditors would not receive any additional monies; therefore, there would not be any major effect on the Debtor's estate.

### III.  PERMISSIVE ABSTENTION

A bankruptcy court has the power to abstain from hearing a dispute under § 1334. A court may permissively abstain from a matter pursuant to § 1334(c)(1), while § 1334(c)(2) mandates abstention in certain proceedings. Abstention under § 1334(c)(2) does not apply here because (1) no party has made a timely motion for the Court to abstain pursuant to § 1334(c)(2); and (2) the Court is not aware of any action in state court regarding this matter. Thus, only permissive abstention is applicable here.

Permissive abstention may be raised by the court *sua sponte*. *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1207 n.10 (5th Cir. 1996); *Genesis Producing Co., L.P. v. Smith Big Oil Corp.*, No. H-13-3342, 2014 WL 3897831, at *3 (S.D. Tex. Aug. 8, 2014). Further, the bankruptcy court "has broad power to abstain whenever appropriate." *In re Wood*, 825 F.2d at 93. Here, this Court chooses to *sua sponte* raise whether it should abstain from adjudicating the dispute at bar.

The factors a court may consider when deciding whether to abstain pursuant to § 1334(c)(1) are:

> (1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention;
>
> (2) the extent to which state law issues predominate over bankruptcy issues;
>
> (3) the difficult or unsettled nature of applicable law;
>
> (4) the presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
>
> (5) the jurisdictional basis, if any, other than § 1334;
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> (7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likehood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Genesis Producing Co., L.P.*, 2014 WL 3897831, at *3; *McVey v. Johnson (In re SBMC Healthcare, LLC)*, 519 B.R. 172, 190 (Bankr. S.D. Tex. 2014). The Court now examines each of these factors with respect to the dispute at bar.

### IV. APPLICATION OF THE PERMISSIVE ABSTENTION FACTORS TO THE ADVERSARY PROCEEDING AT BAR

1. *The effect or lack thereof on the efficient administration of the estate if the Court recommends abstention.*

This factor supports abstention because the Debtor's plan has been confirmed. *See G-I Holdings Inc. v. Ashland Inc. (In re G-I Holdings Inc.)*, No. 17-0077, 2017 WL 1788656, at *14 (D.N.J. May 5, 2017) (finding that bankruptcy plan's confirmation weighed in favor of abstention). Stated differently, confirmation of the plan is not dependent upon the outcome of this adversary proceeding. The plan has already been confirmed [Main Case Doc. No. 18-31864, Doc. No. 80]; the Debtor has been making her plan payments to the Chapter 13 Trustee [Trustee's Receipt History]; and the Chapter 13 Trustee has been making distributions to creditors pursuant to the plan, [Trustee's Disbursement History]. Thus, the Debtor's Chapter 13 estate is being efficiently and properly administered. There is simply no material nexus between

4

this adversary proceeding and the administration of the Debtor's estate. These circumstances strongly favor abstention.

2. *The extent to which state law issues predominate over bankruptcy issues.*

Factor 2 supports abstention because all claims in this suit are state law claims. There are absolutely no claims based upon the Bankruptcy Code that are asserted in this lawsuit. *See Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014); *Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 732 (Bankr. W.D. Tex. 2017).

3. *The difficult or unsettled nature of applicable law.*

The claims asserted in this adversary proceeding are "garden variety" state law causes of action (i.e., wrongful foreclosure, negligence, breach of the Texas Deceptive Trade Practices Act, and conversion) that a state court can easily adjudicate—and should adjudicate. This factor therefore favors abstention. *See In re SBMC Healthcare, LLC*, 519 B.R. at 191.

4. *The presence of related proceeding commenced in state court or other nonbankruptcy proceeding.*

The Court is not aware of another related proceeding commenced in state court or some other nonbankruptcy forum; thus, this factor is inapplicable. *ECN Capital (Aviation) Corp. v. Airbus Helicopters SAS (In re CHC Grp. Ltd.)*, No. 15-31854-BJH, 2017 WL 1380514, at *21 (Bankr. N.D. Tex. Mar. 28, 2017) (J. Houser) ("There is no related proceeding pending in another forum, making this factor inapplicable.").

5. *The jurisdictional basis, if any, other than § 1334.*

Jurisdiction under § 1334 is the only basis for jurisdiction and, thus, this factor favors abstention. *In re SBMC Healthcare, LLC*, 519 B.R. at 191; *In re Waggoner Cattle, LLC*, 2018 WL 6060351, at *5.

5

6. *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.*

Factor 6 favors abstention because a plan has already been confirmed in the Debtor's main Chapter 13 case and, thus, the nexus is remote, a circumstance which favors abstention. *See In re SBMC Healthcare, LLC*, 519 B.R. at 191; *In re CHC Grp. Ltd.*, No. 16-31854-BJH, 2017 WL 1380514, at *21 (Bankr. N.D. Tex. Mar. 28, 2017).

7. *The substance rather than the form of an asserted core proceeding.*

Factor 7 supports abstention because the dispute at bar is not a core proceeding. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. at 216; *In re Dune Energy, Inc.*, 575 B.R. at 732.

8. *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.*

Factor 8 does not apply, as none of the claims are core proceedings.

9. *The burden on the bankruptcy court's docket.*

It is a burden on this Court's docket to adjudicate solely state law claims, particularly when the outcome of that litigation will have such little effect (if at all) on the Debtor's Chapter 13 bankruptcy estate. As already noted above, the Debtor's plan has been confirmed and the outcome of this litigation will therefore have no effect on the plan confirmation process. Therefore, this factor weighs in favor of abstention. *See In re G-I Holdings Inc.*, 2017 WL 1788656, at *14 (finding that bankruptcy plan's confirmation weighed in favor of abstention).

10. *The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.*

This factor is inapplicable, as there does not appear to be any forum shopping by the parties.

11. *The existence of a right to a jury trial.*

This factor weighs in favor of abstention because the Defendants have the right to a jury trial in state court given the causes of action asserted in this adversary proceeding. *See In re Dune Energy, Inc.*, 575 B.R. 716 at 733.

12. *The presence in the proceeding of nondebtor parties.*

This factor favors abstention because all of the Defendants are non-debtor parties. *In re G-I Holdings Inc.*, 2017 WL 1788656, at *14.

13. *Comity.*

Factor 13 weighs in favor of abstention. The adversary proceeding involves "garden variety" state law issues and deference should be given to a state court to decide state law issues under these circumstances. *See In re Dune Energy, Inc.*, 575 B.R. 716 at 733; *In re Special Value Continuation Partners, L.P. v. Jones*, No. 11-3304, 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011).

14. *The possibility of prejudice to other parties in the action.*

There is no evidence of prejudice to any party and, thus, this factor is not relevant to the Court's consideration.

## V. CONCLUSION

In sum, 10 of the factors weigh in favor of abstention, none of the factors weigh against abstention, and 4 factors are inapplicable. Further, case law is clear that this Court has the discretion to give different weight to each of these factors. *In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. at 217 ("More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion."). Here, this Court places substantial weight on factors 1, 2, 3, 6, and 13, all of

which (as noted above) weigh in favor of abstention. The Court will therefore abstain from adjudicating this adversary proceeding and, instead, will dismiss this lawsuit.

An order consistent with this Memorandum Opinion will be entered simultaneously on the docket.

Signed on this 4th day of February, 2019.

                                                                                    _____
                                                                                    Jeff Bohm
                                                                                    United States Bankruptcy Judge